# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2011

No. 11-30592
Summary Calendar

Lyle W. Cayce
Clerk

ANDREA HALL,

Plaintiff-Appellant

v.

BURL CAIN; DAVID DAVIS; JOSEPH TURNER; LIEUTENANT UNKNOWN BEAUBEOUF; CHRIS DUPREE; UNKNOWN JONES; UNKNOWN WHITTINGTON; UNKNOWN BELLEVUE,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CV-703

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Andrea Hall, Louisiana prisoner # 110954, appeals the district court's denial of his FED. R. CIV. P. 60(b) motion for relief from the judgment dismissing his 42 U.S.C. § 1983 action as frivolous.  Hall has filed a motion to proceed in forma pauperis (IFP) on appeal, challenging the district court's certification that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his appeal was not taken in good faith pursuant to *Baugh v. Taylor*, 117 F.3d 197, 199-202 (5th Cir. 1997).

Hall challenges the district court's certification decision, arguing that the district court erred and abused its discretion in denying his motion for relief from judgment.  He states that the district court did not dispute that it erred in dismissing his civil action, but ruled that his motion for relief was not filed within a reasonable time.  He argues that there is no time limit to correct a legal error which results in a great miscarriage of justice and if there is no showing of prejudice.  Hall's arguments concern the timeliness of his motion only.  He does not address the district court's other reasons concerning the scope of Rule 60(b) relief.  As the district court properly noted, changes in decisional law are not grounds for Rule 60(b)(6) relief, and Rule 60(b) is not a substitute for an appeal.  *See Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).  The district court did not abuse its discretion in denying Hall's Rule 60(b) motion.  *See Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994).

The district court's certification that Hall's appeal is not taken in good faith is upheld, Hall's motion for IFP is denied, and this appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

We hereby inform Hall that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  The dismissal of his complaint by the district court as frivolous and for failure to state a claim, from which Hall did not appeal, also counts as a strike.  *See Adepegba*, 103 F.3d at 387-88. We caution Hall that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.